UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANTOS OSORIO-RECINOS,

          Petitioner,

v.

NATHALIE R. ASHER, Field Office Director of Immigration and Customs Enforcement, *et al.*,

          Respondents.

Case No. 10-1693-RSL-BAT

**REPORT AND RECOMMENDATION**

I.     INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Santos Osorio-Recinos is a native and citizen of El Salvador who is currently detained by the United States Immigration and Customs Enforcement ("ICE") pursuant to an *in absentia* order of removal entered on April 3, 2002. (Dkt. 1.) On October 20, 2010, petitioner, proceeding through counsel, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with an emergency request for stay of deportation. (Dkt. 1.) Petitioner asserts that his *in absentia* order of removal was entered in error because he was "not given proper notice of the time, date and place of the deportation hearing, and he was not afforded an opportunity to appear as required under the statute." (Dkt. 1 at 1.) Petitioner contends that he is entitled to have his removal reopened under Section 240(b)(5)(C) of the Immigration and

REPORT AND RECOMMENDATION - 1

Nationality Act ("INA"), 8 U.S.C. § 1229(a)(b)(5)(C). *Id*. Petitioner further contends that his deportation from the United States violates INA § 240(b)(5)(C), the Due Process Clause of the Constitution, and his right to effective assistance of counsel. *Id*. at 2.

Respondents have filed a motion to dismiss, arguing *inter alia* that petitioner is lawfully detained pursuant to INA § 241, 8 U.S.C. § 1231 because he is subject to a final order of removal. (Dkt. 11.) Respondents further contend that his detention is not indefinite and does not violate *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), because his removal to El Salvador is significantly likely to occur in the reasonably foreseeable future. *Id*.

For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED, respondents' motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

## II.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of El Salvador who entered the United States on August 8, 2001, without inspection by an immigration officer. Administrative Record ("AR") at R53-54, R38-39. On August 10, 2001, petitioner was apprehended by Border Patrol Agents and served with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal pursuant to INA § 212(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. (AR L46-48.) The Notice to Appear ordered petitioner to appear before an immigration judge at a date and time to be set by the immigration court. (AR L48.) The Notice to Appear advised petitioner of his duty to update his address after any changes, as well as the consequences of his failure to do so. (AR L47.) Petitioner was later released under bond in the amount of $7500. (AR L10, L6, R25.)

On October 2, 2001, the immigration court sent petitioner a hearing notice stating that

1  petitioner's hearing was scheduled to take place on April 2, 2002, at 9:00 a.m., in San Antonio,
2  Texas.  (Dkt. 15, Ex. 1 at 34.)  The notice indicates that it was mailed to petitioner's last
3  provided address at 12439 – 23rd Avenue South, Seattle, Washington 98168.  *Id*.  On April 2,
4  2002, petitioner failed to appear for his removal hearing.  (AR L57.)  Petitioner alleges that he
5  did not attend the hearing because he never received notice of the removal hearing.  (Dkt. 15 at
6  3, Ex. 1 at 12.)  On April 3, 2002, the Immigration Judge ("IJ") found that petitioner was not
7  present and no reasonable cause was provided for his failure to appear.  (AR L20-21.)
8  Therefore, the IJ issued an *in absentia* order of removal, which was mailed to petitioner on April
9  17, 2002.  (AR L20-22, L56-57.)
10        On or about April 4, 2002, petitioner, through counsel Lilia Gonzales, filed a motion for
11  change of venue and request for telephonic hearings.[1]  (AR L12-19.)  In the motion, Ms.
12  Gonzales conceded that petitioner is removable and that the allegations in the notice to appear
13  are true, but that he would be filing an application for relief from removal.  (AR L17.)  Along
14  with the motion, Ms. Gonzales also filed both a notice of appearance and a motion for
15  withdrawal of counsel.  *Id*.  On April 25, 2002, the immigration court received a letter from
16  petitioner indicating that he had received the *in absentia* removal order, and that he wanted his
17  case transferred to Seattle, Washington.  (AR L55; Dkt. 15, Ex. 1 at 28-30.)  The letter further
18  indicated that he was still residing at 12439 – 23rd Avenue South, Seattle, Washington.  *Id*.
19        On July 2, 2010, ICE arrested petitioner at his home in Seattle, Washington, for removal
20  to El Salvador.  (AR L27.)  Almost immediately thereafter petitioner obtained counsel who filed
21  a motion to reopen *in absentia* order, asserting that he never received notice of the hearing.  (AR

---

23  [1]Petitioner alleges that Lilia Gonzales was not his attorney, that he never retained her, and never authorized her to file any pleadings on his behalf.  (Dkt. 15 at 5, Ex. 2 at 7, 11, 13.)

REPORT AND RECOMMENDATION - 3

L24-36.) On October 4, 2010, the IJ denied the motion to reopen, finding that petitioner had "NOT shown that his failure to appear was because of no notice." (AR L54-57.) Petitioner filed a Notice of Appeal to the Board of Immigration Appeals ("BIA") on November 4, 2010, which dismissed the appeal as untimely. (Dkt. 15 at 6 n.3.)

On October 20, 2010, petitioner filed the instant habeas petition, together with an emergency request for stay of deportation. (Dkt. 1.) The Court subsequently entered a temporary stay of removal, pending briefing and a resolution of petitioner's request for stay. (Dkt. 3.) Respondents have filed a motion to dismiss, arguing that petitioner's detention is lawful under INA § 241. (Dkt. 11.) The parties have also submitted supplemental briefing addressing petitioner's claims that he did not receive proper notice, and that his deportation violates INA § 240(b)(5)(C), the Due Process Clause of the Constitution, and his right to effective assistance of counsel. (Dkts. 13, 15, 16, 17.)

On December 10, 2010, petitioner, through counsel, filed a second motion to reopen and reconsider with the immigration court. (Dkt. 15, Ex. 2.) This motion remains pending.

### III.   DISCUSSION

Petitioner seeks an order staying his removal from the United States pending the outcome of his motion to reopen with the Immigration Court.[2] (Dkt. 15 at 12.) He argues that the REAL ID Act does not preclude habeas review because he is not seeking review of an order of removal, but instead maintains that because he was not given proper notice, his removal order is null and void. *Id.* at 12-15. Respondents argue that the Court lacks jurisdiction in this matter because petitioner's petition directly challenges his removal order, and the REAL ID Act divests district courts of jurisdiction to review removal orders or claims arising from the execution of a removal

---

[2]Petitioner does not seek judicial review of his custody status. (Dkt. 15 at 18.)

REPORT AND RECOMMENDATION - 4

1  order. (Dkt. 17 at 2-4.) The Court agrees with respondents that it lacks jurisdiction over
2  petitioner's claims.
3        On May 11, 2005, Congress enacted the REAL ID Act of 2005, which made several
4  significant changes to the judicial review procedures of the INA. *See* REAL ID Act of 2005,
5  Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). The REAL ID Act eliminated habeas corpus
6  jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of removal and
7  vested jurisdiction to review such orders exclusively in the courts of appeals. *See, e.g., Alvarez-*
8  *Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2006).
9        Section 242(a)(5) of the INA, as amended by the REAL ID Act, provides that "a petition
10 for review filed with an appropriate court of appeals in accordance with this section shall be the
11 sole and exclusive means for judicial review of an order of removal entered or issued under any
12 provision" of the Act. INA § 242(a)(5), 8 U.S.C. § 1252(a)(5). Section 242(b)(9) further
13 provides that "[j]udicial review of all questions of law and fact, including interpretation and
14 application of constitutional and statutory provisions, arising from any action taken or
15 proceeding brought to remove an alien from the United States . . . shall be available only in
16 judicial review of a final order under this section." INA § 242(b)(9), 8 U.S.C. § 1252(b)(9). In
17 addition, Section 242(g) provides: "Except as provided in this section and notwithstanding any
18 other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf
19 of any alien arising from the decision or action by the Attorney General to commence
20 proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."
21 INA § 242(g), 8 U.S.C. § 1252(g). The REAL ID Act makes clear that judicial review of an
22 administratively final order of removal is only available before the court of appeals having
23

REPORT AND RECOMMENDATION - 5

jurisdiction over the district where petitioner's immigration judge holds seat.[3]

"A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act." *Mancho v. Chertoff*, 480 F. Supp. 2d 160, 162 (D.D.C. 2007) (citing *Formusoh v. Gonzales*, No. 3-07-CV-0128-K, 2007 WL 465305 (N.D. Tex. Feb. 12, 2007) (dismissing for lack of subject matter jurisdiction habeas petition of petitioner seeking stay of removal pending resolution of an I-130 petition and an I-485 adjustment of status petition)); *Tale v. United States Dep't of Homeland Sec.*, 2006 U.S. Dist. LEXIS 47577, at *1 (S.D. Tex. July 13, 2006) (finding lack of jurisdiction to grant petitioner preliminary and permanent injunctions barring his deportation prior to the resolution of his claims pending before an immigration judge). Absent statutory or legal authority that creates an exception to the REAL ID Act, this Court lacks subject matter jurisdiction over petitioner's request for a stay of removal during the pendency of his motion to reopen before the immigration court.

Petitioner claims the Court may entertain his request for stay, notwithstanding the REAL ID Act, because he never received notice of the removal hearing and, therefore, the removal order does not exist. He argues that (1) he has the right to pursue a motion to reopen in order to demonstrate that he did not receive notice; (2) he was denied due process because he was ordered removed without notice; and (3) his removal will prevent him from being represented by counsel before the IJ and in any appeal proceedings before the Attorney General in violation of 8 U.S.C.

---

[3]"In cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court, and on appeal to [the court of appeals], pursuant to 28 U.S.C. § 2241." *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006)("By its terms, the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal"); *see also Singh v. Gonzales*, 499 F.3d 969, 972 (9th Cir. 2007)(holding that district courts retain jurisdiction to review post-BIA ineffective assistance of counsel claims which do not involve review of a final order of removal).

§ 1362 and due process. (Dkt. 15.) Petitioner's claims inevitably require review of his *in abstentia* order of removal, and are therefore barred under the REAL ID Act. As indicated above, any available challenge to the underlying removability of petitioner can only proceed through a petition for review with the appropriate circuit court of appeals. INA § 242(a)(5).

Moreover, there is no question that petitioner is seeking to circumvent INA § 242(g) in requesting that the Court stay his removal until there has been a final administrative decision on his motion to reopen. Section 242(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien." INA § 242(g); *see also Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 119 S. Ct. 936 (1999)(holding that INA § 242(g) bars judicial review of three discrete actions the Attorney General may take: "the 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"). Petitioner's request that this Court stay the execution of his removal order while he seeks additional administrative review directly impacts the government's ability to "execute" his removal order and thus is plainly precluded under INA § 242(g). *See Sharif v. Ashcroft,* 280 F.3d 786, 787 (7th Cir. 2002)("A request for a stay of removal 'arises from' the Attorney General's decision to execute a removal order."); *see also Nken v. Chertoff*, 559 F. Supp. 2d 32, 36 (D.D.C. 2008)(holding that the REAL ID Act strips the district court of jurisdiction to consider a request for stay of removal); *Sadhvani v. Chertoff*, 460 F. Supp. 2d 114, 122 (D.D.C. 2006)(holding petitioner's challenge to respondents' decision to execute a removal order while his motion to reopen was pending clearly arises from the decision or action by the Attorney General to execute a removal order and is thus subject to the unambiguous jurisdiction-stripping language of INA § 242(g)).

REPORT AND RECOMMENDATION - 7

Petitioner relies on *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007), and *Kumarasamy v. Att'y Gen. of U.S.*, 453 F.3d 169 (3rd Cir. 2006), in arguing that the REAL ID Act does not preclude habeas jurisdiction.  However, for the reasons asserted by respondents and described below, *Singh* and *Kumarasamy* do not alter the Court's conclusion that it lacks jurisdiction.

In *Singh*, the Ninth Circuit considered whether the district court had jurisdiction over the petitioner's habeas petition alleging ineffective assistance of counsel on the ground that counsel failed to file a timely petition for review of the BIA's decision.  *Singh*, 499 F.3d at 969.  There, the Ninth Circuit reasoned that an ineffective assistance of counsel claim "cannot be construed as seeking judicial review of a final order of removal" because petitioner's "only remedy would be the restarting of the thirty-day period for the filing of a petition for review with [the court of appeals].  In other words, a successful habeas petition in this case will lead to nothing more than 'a day in court' for [the petitioner]" *Id*. at 979.  The Court concluded that the REAL ID Act did not preclude habeas review of a claim of ineffective assistance of counsel which only seeks to restart the thirty-day period for the filing of a petition for review.  *Id.*

Here, however, petitioner does not seek reissuance of the BIA's decision, but rather to enjoin respondents from executing his removal order while his motion to reopen is pending in immigration court.  Unlike *Singh*, petitioner's requested relief would require this Court to review his final order of removal.  As discussed above, the REAL ID Act bars this Court from reviewing final orders of removal and claims arising from the Attorney General's decision to execute removal orders in the circuit courts of appeals.  INA §§ 242(a)(5), (g).  Thus, petitioner's habeas petition does not fall within the exception to the REAL ID Act outlined in *Singh*.

Likewise, *Kumarasamy* is not on point.  There, the Third Circuit reaffirmed the district court's dismissal for lack of jurisdiction on the ground that the petitioner, after being deported,

REPORT AND RECOMMENDATION - 8

was no longer "in custody" for purposes of subject matter jurisdiction under the habeas statutes. *Kumarasamy*, 453 F.3d at 172. In reaching its decision, the Third Circuit considered whether it had to convert petitioner's habeas petition to a petition for review because the REAL ID Act took effect while his appeal was pending. *Id*. at 171-72 (Section 106(c) of the REAL ID Act provides that habeas petitions challenging orders of removal that were pending before a district court or a court of appeals on the effective date of the Act are converted to petitions for review). The Court concluded that petitioner was not seeking review of an order of removal, but was instead claiming that his deportation was illegal because there was no order of removal. *Id*. at 172. However, the Third Circuit did not reach the question of whether INA §§ 242(b)(9) and 242(g) applied in that case because it concluded "that the District Court lacked jurisdiction on the separate ground that Kumarasamy was not 'in custody' at the time he filed his habeas petition." *Id*. at 173 n.5. Nevertheless, the Third Circuit specifically noted,

> In the REAL ID Act, Congress amended both 8 U.S.C. §§ 1252(b)(9) and (g) to make clear that these provisions preclude any habeas corpus review over certain removal-related claims. *See* REAL ID Act §§ 106(a)(2) & (3). <u>Thus, if an alien challenges an action taken or a proceeding brought to remove him, it would appear that 8 U.S.C. §§ 1252(b)(9) and (g), as amended by the REAL ID Act, would preclude habeas review over that challenge</u>.

*Id*. at 172-73 n. 5 (emphasis added). Thus, contrary to petitioner's argument, the Third Circuit's decision in *Kumarasamy* lends support to respondents argument that the REAL ID Act forecloses district jurisdiction under the circumstances in the present case. *See Sadhvani v. Chertoff*, 460 F. Supp 2d 114, 123 n.5 (D.D.C. 2006).

      Accordingly, because the Court lacks jurisdiction to grant the requested relief under the REAL ID Act, the petition should be denied and dismissed.

REPORT AND RECOMMENDATION - 9

## IV.     CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be denied, respondents' motion to dismiss be granted, and that this matter be dismissed for lack of subject matter jurisdiction.  A proposed order accompanies this Report and Recommendation.

DATED this 24th day of January, 2011.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10